1   Leon Greenberg, NSB 8094
    A Professional Corporation
2   633 South 4th Street – Suite 4
    Las Vegas, Nevada 89101
3   Telephone (702) 383-6085

4   Malik W. Ahmad, NSB 10305
    Law Office of Malik W. Ahmad
5   City Center West, Suite 108
    7201 West Lake Mead Blvd.
6   Las Vegas, Nevada 89128
    (702) 270-9100
7
    Attorneys for Plaintiffs
8
    UNITED STATES DISTRICT COURT
9   DISTRICT OF NEVADA
    ------------------------------X
10  EUGENIA ARCE-ALANDIA,            )        Docket #: 08-Civ.1838 JCM/LRL
    Individually and on behalf of a  )
11  class of all similarly situated  )
    persons,                         )
12                   Plaintiffs,     )
    v.                               )        FIRST AMENDED COMPLAINT
13                                   )
    FOUR SEASONS LAS VEGAS           )
14  EMPLOYMENT, INC. d/b/a FOUR      )
    SEASONS HOTEL, MANDALAY CORP.    )
15  d/b/a MANDALAY BAY RESORT AND    )
    CASINO, MGM-MIRAGE and its       )
16  subsidiary corporations,         )
    BELLAGIO LLC, MIRAGE CORP., MGM  )
17  GRAND CORP., and "John Doe       )
    Corporations" 1 to 50, name      )
18  fictitious, actual name and      )
    number unknown, individually     )
19  and as a class of similarly      )
    situated defendants,             )
20
                    Defendants.
21
    ------------------------------X
22

23          Now comes Plaintiffs, for themselves and all others

24      similarly situated, and allege the following as and for a First

25      Amended Complaint upon personal knowledge as to themselves and

26      their own acts, and upon information and belief as to all other

27      matters:

28

                                      1

PARTIES AND PRELIMINARY STATEMENT

1.   The plaintiff Eugenia Arce-Alandia is a resident of Clark County, Nevada, and current employee of the defendants FOUR SEASONS LAS VEGAS EMPLOYMENT, INC. which does business as the Four Seasons and MANDALAY CORP. which does business as the Mandalay Bay Resort and Casino ("Mandalay").  Such plaintiff has also, within the three years immediately preceding the commencement of this action, been an employee of defendant MGM-Mirage either directly or through its wholly owned subsidiaries, including those that own and/or operate the Las Vegas Casino properties operating under the names MGM Grand Las Vegas, The Mirage, and Bellagio, such subsidiaries being identified herein as BELLAGIO LLC, MIRAGE CORP. and MGM GRAND CORP., the exact legal names of such subsidiaries not being currently known to the plaintiff but such exact and proper legal names will be substituted for such defendants in an amended pleading when the plaintiff is able to properly identify the same.

2.   The defendants "John Doe Corporations" 1 to 50 are named fictitiously and their exact legal names and the number of such defendants are unknown (the "John Doe Defendants").  Such defendants are the legal entities that operate major hotel and casino properties in Clark County, Nevada, primarily in the unincorporated portion of Clark County Nevada commonly known as "The Strip", that section of Las Vegas Boulevard stretching from Sahara Avenue to Russell Road.  Such casino properties, upon information and belief, are operated by a variety of individual and related subsidiary corporations that are in turn primarily owned and controlled by two large

2

corporations, Harrah's Entertainment Inc. and MGM Mirage, and a number of other smaller entities, including Wynn Resorts Limited, Las Vegas Sands Corp., Colony Capital LLC, Columbia Sussex Corporation, and other entities.  The particular casino properties at issue may include the Luxor, Excalibur, Tropicana, MGM, New York-New York, Monte Carlo, Planet Hollywood, Bellagio, Ballys, Paris, Flamingo, Caesars Palace, Mirage, Venetian, Treasure Island, Wynn, Riviera, Sahara, Circus Circus, Stratosphere, Golden Nugget, Rio, Orleans, Las Vegas Hilton, Green Valley Ranch Station, Red Rock Station, Rampart and others.

3. The defendant Mandalay is a corporation existing and established pursuant to the laws of the State of Nevada with their principal place of business in the County of Clark, State of Nevada.

4.  The acts complained of herein took place solely, or primarily, in Clark County Nevada.

THE PROPOSED CLASS CLAIMS AND PARTIES

5.  There are numerous persons who are similarly situated to the named plaintiff in respect to the named plaintiff's claims under Nevada Law, in that such similarly situated persons, like the named plaintiff (such similarly situated persons and the named plaintiff being referred to, collectively, as "plaintiffs"), performed substantial work, labor and services for the defendants and did not receive the overtime compensation required by Nevada law, to the extent Nevada law requires overtime compensation be paid based upon a "regular hourly rate" that includes all weekly compensation actually paid as alleged

3

in paragraph 20 herein, or, alternatively, based upon only the "hourly rate" of compensation paid as alleged in paragraph 21, herein, and as detailed hereafter such circumstances warrant the granting of class certification on such claims of the plaintiffs pursuant to N.R.C.P. § Rule 23.

6.    That the persons similarly situated to the named plaintiffs and described in paragraph 5 constitute a class of persons that are so numerous that joinder of all such persons individually is impractical, such class consisting of all casino banquet servers who, as more fully described herein, since July 1, 2005, have not been paid overtime wages as alleged in paragraph 20 herein to be required by N.R.S. § 608.018 and upon information and belief such class members exceed 500.

7.    There are questions of law and fact common to the plaintiff class that predominates over any questions affecting only individual members of the plaintiff class, specifically whether the defendants have any legal obligation to pay the class members overtime under Nevada Law because Nevada law requires the payment of overtime compensation based upon a regular hourly rate that includes all compensation paid to an employee during a one week period as alleged in paragraph 20 or on the alternative basis alleged in paragraph 21 herein and if so what is the extent of such obligation.

8.    The claims of the named plaintiff are typical of the claims of the above described plaintiff class, in that the interests of the named plaintiff is co-extensive with the interests of the other members of the plaintiff class, there is a lack of adverse interests between the named plaintiff and the

other members of the plaintiff class, and common questions of law and fact exist as to the claims of the named plaintiff and the claims of the members of the plaintiff class.

9.    The named plaintiff will fairly and adequately protect the interests of the plaintiff class and serve as an adequate representative plaintiff on behalf of the plaintiff class and has retained experienced counsel that are qualified to represent the plaintiff class.

10.    The members of the plaintiff class labor for a variety of different legal entities but are all exposed to, and injured by, the identical employment practice set forth in this complaint in respect to a failure to pay overtime wages if it is determined that Nevada Law requires the payment of overtime wages based upon a regular hourly rate that includes all compensation paid to an employee during a one week period as alleged herein in paragraph 20 or on the alternative basis alleged in paragraph 21.  The members of the plaintiff class are deterred from enforcing their rights under N.R.S. § 608.018 because any attempt to do so would be overwhelmingly likely to result in the termination or restriction of their employment and result in them being unable to support themselves and their families.  As a result of such circumstance, the proposed class of "John Doe" defendants should also be certified in this case, subject to further and proper identification of the same in the future, so that complete justice can be rendered to all class members and the compelling public purpose behind N.R.S. § 608.018 vindicated.

11.    Certification of the proposed "John Doe" class of

defendants is also proper because the named defendant's interests are identical to those of the proposed members of the defendant class and there are no adverse interests between such named defendant and the proposed defendant class members; the named defendant will adequately represent the interests of the members of the defendant class; and common questions of law and fact exist and predominate as to the claims and defenses of the named defendant and the claims and defenses of the members of the proposed class of defendants rendering it desirable and efficient to resolve such claims and defenses of the defendant class members on a class action basis.

12.   A class action of plaintiffs, and defendants, pursuant to N.R.C.P. Rule 23 is superior to other available methods for the fair and efficient adjudication of the plaintiff class members' claims under Nevada Law.

AS AND FOR A CLAIM FOR RELIEF ON BEHALF<br>OF PLAINTIFFS UNDER N.R.S. § 608.018<br>N.R.S. § 30.040 AND N.R.S. § 30.100

13.   The plaintiffs bring this Claim for Relief against the defendants under NRS § 608.018 for unpaid overtime wages.   The plaintiffs seek damages directly under the foregoing statute and also seek declaratory relief from this Court under N.R.S. § 30.040 and appropriate supplemental relief to such declaratory relief under N.R.S. § 30.100.

14.   Commencing July 1, 2005, NRS § 608.018(2) required that the plaintiffs receive overtime pay at one and one-half times their regular wage rate for all hours worked in excess of 40 hours per week.

15.   One of the major purposes of overtime laws, as exemplified in NRS § 608.018(2), is to encourage employers to not work individual employees excessively long hours and to foster full employment and the betterment of society at large and the economy by encouraging employers to hire more employees rather than incur the additional costs of working fewer employees longer hours.

16.   Defendants have either required or allowed the plaintiffs to work in excess of 40 hours per week without the payment of overtime wages.

17.   The plaintiffs are not subject to any of the exemptions from the overtime pay requirements of NRS § 608.018.

18.   The plaintiffs are compensated based upon a "flat hourly" rate, which is paid in full for each hour worked, or in a pro-rata partial amount for partial hours that are worked, each week, plus a "per job" gratuity service charge which is akin to a piecework or commission payment for each job that they complete.

19.   The plaintiffs perform no sales activities and sell no products or services, the services that they provide (banquet or catering services) are already sold, and negotiated and paid for (or payment promised for) between the defendants and their customers, or such services have been ordered by the defendant with the defendant itself paying for them, prior to the plaintiffs performing any work.

20.   The plaintiffs assert that N.R.S. § 608.018 requires the payment of overtime pay at one and one-half times their "regular hourly rate" of pay for each hour of work that exceeds

40 hours in a week and that such "regular hourly rate" must, as a matter of Nevada law, be determined by taking the entire compensation actually paid each week to the plaintiffs (both "flat hourly" and "per job" gratuity service charges) by the defendants and dividing the resulting total of each plaintiff's weekly compensation by the number of hours that plaintiff worked in that week, the plaintiffs further claiming that Nevada law mandates this method of "regular hourly rate" determination for overtime purpose under N.R.S. § 608.018 for all employees even if the parties, pursuant to an employment contract or collective bargaining agreement, have specified a different means of calculating the "regular hourly rate" that would result in the payment of a lesser amount, or no amount, of overtime wages.

21.   Plaintiffs seek payment of overtime based upon Nevada law requiring the form of "regular hourly rate" determination for overtime purposes under N.R.S. § 608.018 specified in paragraph 20 or, in the alternative, based upon receiving time and one-half for all hours worked in excess of 40 hours per week based on whatever compensation is actually paid to the plaintiffs "by the hour" and excluding for overtime calculation purposes all other commission compensation, piecework compensation or other compensation that is agreed to be paid or actually paid to the plaintiffs on any basis besides "by the hour".

22.   The conduct of the defendants, in failing to pay the plaintiffs the foregoing overtime compensation required by NRS § 608.018, has caused the plaintiffs to incur damages in the form of the loss of the overtime pay owed to them as aforesaid.

23.    The conduct of the defendants, in failing to pay the plaintiffs the foregoing overtime compensation required by NRS § 608.018, gives rise to a right by the plaintiffs to seek a declaration of their rights under such statute and a determination that the defendants have violated such statute and abridged the rights of the plaintiffs as per N.R.S. § 30.040, and upon being granted such declaratory relief the plaintiffs seek appropriate supplemental relief as provided for under N.R.S. § 30.100.

24.    The named plaintiff on behalf of themselves and the proposed plaintiff class members seeks a judgment against defendants for the unpaid overtime compensation owed to the plaintiffs, along with appropriate declaratory relief pursuant to N.R.S. § 30.040 determining the rights of the parties and the illegality and/or inappropriateness of the defendants' conduct as being in violation of N.R.S. § 608.018 along with appropriate supplemental relief under N.R.S. § 30.100 to remedy the injuries that the plaintiffs have sustained as a result of such violation of their statutory rights, along with an award of attorney's fees, interest and costs, as provided for by Nevada Law.

**PRAYER FOR RELIEF**

WHEREFORE, the plaintiffs demand judgment against defendants as hereinafter set forth, including, *inter alia*:

9

(a) Declare this action to be maintainable as a class action on behalf of the proposed class of plaintiffs as per N.R.C.P. § 23;

(b) Declare this action to be maintainable as a class action against the proposed class of defendants as per N.R.C.P. § 23;

(c) Determine the unpaid overtime wages sustained by the class members as a result of defendants' violations of NRS § 608.018 as is required by Nevada law and as alleged under one of the methods specified in paragraphs 20 or 21 and award those unpaid overtime wages and interest on such overtime wages against the defendants and in favor of the plaintiffs;

(d) Grant plaintiffs suitable declaratory and supplemental relief pursuant to N.R.S. § 30.100 and § 30.040;

(e) Award Plaintiffs and Plaintiff class members their costs and disbursements of this suit, including without limitation, reasonable attorneys', accountants' and experts' fees;

(f) Grant Plaintiff and the Plaintiff class members such other and further relief as the Court may deem just and proper.

1       Plaintiff further demands a trial by jury on all issues

2       so triable.

3    Dated: January 8, 2009

4

5                                Submitted by the attorneys for the
                                 Plaintiffs
6                                Leon Greenberg Professional Corporation

7
                                              /s/
8                                By:_____
                                 Leon Greenberg, Esq.
9                                Nevada Bar No.: 8094
                                 633 South 4th Street - Suite 4
10                               Las Vegas, Nevada 89101
                                 (702) 383-6085
11                               Attorney for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28