1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6

| | |
|---|---|
| EUGENIA ARCE ALANDIA, | 2:08-CV-1838 JCM (LRL) |
| Plaintiff, | |
| v. | |
| FOUR SEASONS LAS VEGAS EMPLOYMENT, INC., et al., | |
| Defendants. | |

7
8
9
10
11
12
13

14

**ORDER**

15        Presently before the court is plaintiff's motion to amend the complaint. (Doc. #20)

16   Defendants Mandalay Corp. and MGM-Mirage (hereinafter "defendants") opposed the motion to

17   amend and filed a counter-motion to dismiss.  (Doc. #28).  Plaintiff filed an opposition to the

18   counter-motion to dismiss combined with a reply in support of the motion to amend.  (Doc. #31).

19   Additionally before the court is plaintiff's motion to remand (doc. #36) to which defendants filed

20   an opposition (doc. # 47) and plaintiff filed a reply. (Doc. #49).

21        Plaintiff Eugenia Arce-Alandia is a banquet server at the Mandalay Bay resort and casino.

22   Plaintiff claims that her employer did not pay her the overtime compensation required under Nev.

23   Rev. Stat. § 608.018.  Defendants removed this case to this court on the grounds that plaintiff's

24   claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C.

25   § 185(a) and require interpretation of the collective bargaining agreement under which plaintiff is

26   employed.

27   . . .

28

**James C. Mahan**
**U.S. District Judge**

1    **A.     Motion to Remand**

2           In her motion to remand, plaintiff argues that this case should be remanded to state court

3    because this case is solely a matter of state law and that federal question jurisdiction does not apply.

4    This court finds plaintiff's argument is an unpersuasive attempt to avoid the existence of the

5    collective bargaining agreement.

6           Specifically, Nev. Rev. Stat. § 608.018(3)(c) provides that "subsections 2 and 3 do not apply

7    to [e]mployees covered by collective bargaining agreements which provide otherwise for overtime."

8    Plaintiff erroneously interprets the words "provide otherwise for overtime" as the Nevada

9    legislature's attempt to set a minimum standard for overtime protections.  Based on the plain

10   language of the statute, this court finds that Nev. Rev. Stat.  § 608.018(3)(c) specifically waives

11   applicability of the statute to employees covered by collective bargaining agreements.

12          Furthermore, this court finds that plaintiff's claim is dependent on the interpretation and

13   application of Section 301 of the LMRA and the collective bargaining agreement that governs the

14   terms of her employment.

15          Therefore, the plaintiff's motion to remand to state court is denied.

16   **B.     Motion to Dismiss**

17           This court finds that plaintiff's lawsuit should be dismissed on the basis of duplicative

18   litigation.  District courts retain broad discretion to control their dockets and "[i]n the exercise of that

19   power they may impose... default or dismissal." *Thompson v. Hous. Auth. Of City of Los Angeles*,

20   782 F.2d 829, 831 (9th Cir. 1986).  In determining whether a second action is duplicative of the first,

21   the court must consider whether the causes of action, relief sought, and parties or privies are the

22   same. *Adams v. California Dept. of Health Services*, 487 F.3d 684, 689 (9th Cir. 2007).

23          1.     Same Causes of Action and Relief Sought

24          To determine whether the two suits are identical, courts must apply the "transaction test," and

25   consider the following: (1) whether rights or interests established in the prior judgment would be

26   destroyed or impaired by prosecution of the second action; (2) whether substantially the same

27   evidence is presented in the two actions; (3) whether the two suits involve infringement of the same

28

**James C. Mahan**
**U.S. District Judge**

1   right; and (4) whether the two suits arise out of the same transactional nucleus of facts.  *Id.*

2   Here, plaintiff's complaint is strikingly similar to *Jacobs v. Mandalay,* District of Nevada

3   Doc. # 08-cv-640, which is currently pending appeal before the Ninth Circuit (Doc. # 8-17765).

4   Both actions assert rights under the same Nevada overtime compensation statute, the same

5   infringement of that right, and arise out of the same transactional nucleus of facts, which in this case

6   is the collective bargaining agreement.  Furthermore, both lawsuits present substantially the same

7   evidence and arguments.

8   Additionally, both lawsuits seek the same relief.  Accordingly, this court finds that the two

9   lawsuits involve the same cause of action.

10         2.      Same Parties or Privies

11  In considering whether two lawsuits have the same parties or privies, the traditional concept

12  of privity is expanded to include "a broader array of relationship which fit under the title of virtual

13  representation."*Adams,* 487 F.3d at 691 (citing *Kourtis v. Cameron*, 419 F.3d 989, 996 (9th Cir.

14  2005).   This type of virtual representation also includes "a close relationship, substantial

15  participation, and tactical maneuvering." *Id.*

16  Although the plaintiffs in the two lawsuits are different individuals, this court finds that they

17  are in privity for the following reasons.  Plaintiff Arce-Alandia and the plaintiff in *Jacobs* are both

18  banquet-servers who are asserting the same rights on behalf of the same class of employees.

19  Additionally, both plaintiffs share the same attorney.  The named defendants are not identical in the

20  two lawsuits because MGM-Mirage and Four Seasons were not named in *Jacobs*.  However, they

21  are part of the same class of defendants as casino resorts located in Las Vegas, Nevada.

22  Furthermore, the court finds that *Jacobs* virtually represents Arce-Alandia and that the second action

23  is an attempt to have a second bite at the apple.

24  Based on this analysis and the court's strong interest in controlling its docket, this court finds

25  that the present action must be dismissed because it is duplicative litigation.

26  **C.     Motion to Amend**

27  Plaintiff seeks to amend her complaint to correct the naming of defendant Four Seasons Las

28

**James C. Mahan**
**U.S. District Judge**                                      - 3 -

1   Vegas Employment, Inc. (Doc. #20.)  A court may deny a motion to amend where amendment would

2   be futile. *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) (finding district court's

3   denial of motion to amend appropriate where amendment could not provide additional facts

4   necessary to save plaintiff's claim).  Based on the discussion above, plaintiff's proposed second

5   amended complaint would not cure any of the defects in her claim.  Therefore, the plaintiff's motion

6   to amend (doc. #20) is also denied.

7        IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiff's motion to

8   remand (Doc. #36) be, and the same hereby is, DENIED.

9        IT IS FURTHER ORDERED that plaintiff's motion to amend (doc. #20) be, and the same

10   hereby is, DENIED.

11        IT IS FURTHER ORDERED that defendants motion to dismiss (doc. #28) be, and the same

12   hereby is, GRANTED.  Plaintiff's complaint is dismissed as to all defendants.

13        IT IS FURTHER ORDERED that defendants' emergency motion to stay briefing on

14   plaintiff's motion to remand (doc. #40) be, and the same hereby is, DENIED as moot.

15        DATED this 14th day of January, 2010.

16

17   _____
     UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 4 -